## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

|  |  |  |
|---|---|---|
| | § | |
| CRYSTAL MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:06-CV-0015-C |
| | § | ECF |
| | § | Referred to the U.S. Magistrate Judge |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the court *sua sponte*. Plaintiff filed her complaint on February 15, 2006, seeking review of the decision of the Commissioner denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff is proceeding *in forma pauperis* in this matter.

### I.   PROCEDURAL HISTORY

The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this matter to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. Plaintiff filed her complaint on February 15, 2006. Upon Plaintiff's application to proceed *in forma pauperis*, the court entered an Order Permitting Filing *In Forma Pauperis* and directing issuance of process on June 14, 2006 (Doc. 14). The record demonstrates that Plaintiff has failed to file a proof of service demonstrating that service has been effected upon the Defendant.

On August 1, 2006, the court entered an Order to Show Cause warning Plaintiff that in order to avoid a recommendation to the United States District Judge that this matter be dismissed without prejudice, the Plaintiff should either effect service or show good cause for failure to serve by Monday, August 21, 2006. That deadline has elapsed. Plaintiff has failed to demonstrate effective service and has also failed to show good cause for her failure to serve Defendant.

## II.   ANALYSIS

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 4(m):

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

Since the complaint was filed by the Plaintiff on February 15, 2006, more than 120 days have elapsed. The record reflects that Defendant has not been served. FEDERAL RULE OF CIVIL PROCEDURE 41(b) further provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court." Although proceeding *pro se*, Plaintiff is nevertheless required to comply with the applicable local civil rules of this court, as well as the FEDERAL RULES OF CIVIL PROCEDURE. *See* Northern District of Texas Civil Local Rule 83.14. In this matter, Plaintiff has failed to effect service within 120 days of the filing of her complaint as required by Fed. R. Civ. P. 4(m). Plaintiff also failed to comply with the Order to Show Cause and has demonstrated a manifest lack of interest in prosecuting her case.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997)(citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998). A court may *sua*

*sponte* dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

This court, having considered the failure of the Plaintiff to effect service and the failure of the Plaintiff to comply with the orders of this court, recommends that the United States District Judge dismiss the complaint without prejudice.

### III.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge dismiss the Plaintiff's complaint without prejudice.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4 of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 28th day of August, 2006.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**